UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-8009-WM

UNITED STATES OF AMERICA

vs.

Alexander CASTILLO-ALFARO,

   Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? _____ Yes __X__ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: /s/ Aurora Fagan
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0188591
500 S. Australian Ave, Ste. 400
West Palm Beach, Florida 33401
TEL (561) 820-8711
FAX (561) 820-8777
Aurora.Fagan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| --- | --- |
| v. | ) |
| Alexander CASTILLO-ALFARO | ) Case No. 22-8009-WM |
| | ) |
| Defendant(s) | ) |

FILED BY ____KJZ____ D.C.
Jan 11, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 4, 2022__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| Title 8, United States Code, Section 1326(a). | Illegal re-entry. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Andy Korzen, TFO Homeland Security Investigations
Printed name and title

Sworn to before me and signed in my presence, via Telephone-Facetime per Fed.R.Crim.Pro. 4(d) and 4.1 .

Date: January 11, 2022

_____
Judge's signature

City and state: West Palm Beach, FL          WILLIAM MATTHEWMAN, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT
# OF
# ANDY KORZEN
# UNITED STATES DEPARTMENT OF HOMELAND SECURITY
# IMMIGRATION AND CUSTOMS ENFORCEMENT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Task Force Officer (TFO) with the Homeland Security Investigations (HSI), and I am also Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over eighteen years. I am currently assigned to the Homeland Security Investigations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Alexander CASTILLO-ALFARO committed the offense of illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a).

3. On or about January 4, 2022, Alexander CASTILLO-ALFARO was arrested in Palm Beach County, Florida for the offense of felony battery causing great bodily harm. He was booked and detained at the Palm Beach County Jail.

4. A review of the immigration records shows that Alexander CASTILLO-ALFARO is a native and citizen of Guatemala. Records further show that on or about January 11, 2022, Alexander CASTILLO-ALFARO was ordered removed. The Order of

Removal was executed on or about January 29, 2021, whereby Alexander CASTILLO-ALFARO was removed from the United States and returned to Guatemala.

5. On January 5, 2022, in Post-Miranda, Alexander CASTILLO-ALFARO admitted to being citizen of Guatemala. He further admitted to last entering the United States illegally in February 2021, after being previously removed from the United States in 2021. Alexander CASTILLO-ALFARO further admitted that he did not seek permission from the U.S. government to re-enter the United States.

6. Alexander CASTILLO-ALFARO's fingerprints taken in connection with his January 4, 2022, arrest in Palm Beach County were scanned into the IAFIS system. Results confirmed that scanned fingerprints belong to the individual who was previously removed from the United States, that is Alexander CASTILLO-ALFARO.

7. A record check in the Computer Linked Application Informational Management System (CLAIMS) was performed to determine if Alexander CASTILLO-ALFARO filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Alexander CASTILLO-ALFARO obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

8. Based on the foregoing, I submit that probable cause exists to believe that, on or about January 4, 2022, Alexander CASTILLO-ALFARO, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the

2

Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Andy Korzen
Task Force Officer
Homeland Security Investigations

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this __11th__ day of January 2022.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Alexander CASTILLO-ALFARO

**Case No:** 22-8009-WM

Count 1:

Illegal Re-Entry

Title 8, United States Code, Section 1326(a)

\* **Max. Penalty:** 2 Years' Imprisonment, 1 year supervised release, and fine of up to $250,000.

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.